IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| AVOCET MEDICAL IMAGING INC., a Utah corporation, | |
| Plaintiff, | ORDER AND MEMORANDUM DECISION |
| vs. | |
| ALTIUS HEALTH PLANS, INC., a Utah corporation, | Case No. 1:06 CV 41 |
| Defendant. | |

Plaintiff Avocet Medical Imaging Inc. filed this lawsuit in the Box Elder County Justice Court, Small Claims Department, seeking payment for medical imaging services it provided to two individuals that are beneficiaries under health plans administered by Defendant Altius Health Plans, Inc.  About one month after the suit was filed, Altius filed a Notice of Removal claiming that jurisdiction in this court was proper because Avocet's claims are preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

Avocet has filed a motion to remand this matter to the state court, arguing that ERISA preemption is only applicable when plan participants or their beneficiaries seek to recover or rectify a wrongful denial of benefits.  According to Avocet, it is neither a plan participant nor a beneficiary of a plan participant, but rather is a "physician-hospital health care provider." (Memo. of Auth., Mot. to Remand 3 (dkt. #6).)  Avocet's argument is unavailing and its motion to remand must be denied.

**Analysis**

The United States Code provides that the federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.  The United States Code also allows actions originally filed in state court to be removed to a federal court, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action . . . ." Id. § 1441(c).  In such a circumstance, "the entire case may be removed."  Id.

Arguing in support of removal of this case, Altius asserts that this court has original jurisdiction over Avocet's attempt to recover payment for the medical imaging services provided to an individual whose initials are L.M.  The parties agree that L.M. was enrolled in a benefits plan governed by ERISA.  (See Memo. of Auth., Mot. to Remand 4-5 (dkt. #6); Def.'s Memo. of Points and Auths. in Opp'n to Plf.'s Mot. to Remand 5 (dkt. #8).)  It is also beyond dispute that ERISA allows a plan participant to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan." 29 U.S.C. 1132(a)(1)(B).  ERISA expressly supercedes state law causes of action and requires a plan participant pursuing relief to file the action in federal court. See id. § 1144.  The preemptive effect of ERISA is "expansive" and is "intended to ensure that employee benefit plan regulation [is] 'exclusively a federal concern.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)).

A review of the Avocet's complaint reveals that this is an action to recover benefits due under the terms of L.M.'s ERISA-governed plan.  (See Small Claims Aff. & Order 3, attached as

2

Ex. 1 to Notice of Removal (dkt. #1) (L.M. "was provided MRI service on July 17th 2005.  The claim for $1,397 was filed with Altius on January 5th 2006 and was wrongfully and in bad faith denied on February 1st, 2006.").)  The fact that Avocet is pursuing this suit as an assignee of L.M. does not alter the fundamental nature of the claim.  In fact, such assignments are routine and desirable because "they allow health care providers to serve patients without first screening for solvency, and save patients from paying potentially crippling medical bills while awaiting reimbursement."  Simon v. Cyrus Amax Minerals Health Care Plan, 107 F. Supp, 2d 1263, 1265 (D. Colo. 2000).

Avocet's contention that Aetna somehow categorically excludes health care providers from ERISA's preclusive effects has no merit.  In fact, Aetna involved suits brought by individual plan participants and, as a result, there was no need for the Court to consider whether ERISA's preemption provision extended to claims brought by an assignee of a plan participant's claims.  Accordingly, Avocet's reliance on Aetna is misplaced.

Avocet, as an assignee, seeks to enforce the terms of an ERISA-governed benefits plan.  Because this court has original jurisdiction over that claim, this case was properly removed from state court.  Accordingly, Plaintiff's Motion to Remand, and Assess Costs and Fees is DENIED.

SO ORDERED this 14th day of August, 2006.


BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

3